Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>Plaintiff,<br>v.<br><br>John V. Maher, individually and trustee of individually and trustee of The John V. Maher and C. Aline Maher Revocable Trust Dated April 20, 1994; and C. Aline Maher, individually and trustee of individually and trustee of The John V. Maher and C. Aline Maher Revocable Trust Dated April 20, 1994,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

**INTRODUCTION**

1. Plaintiff brings this action against Defendants John V. Maher, individually and trustee of The John V. Maher and C. Aline Maher Revocable Trust Dated April 20, 1994, and C. Aline Maher, individually and trustee of individually and trustee of The John V. Maher and C. Aline Maher Revocable Trust Dated April 20, 1994 (collectively "Defendants"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the A1 Collision Repair ("A1 Collision Repair") located at 970 Broadway Street in Vallejo, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs

pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant John V. Maher is believed to be a natural person who is a resident of California and a Trustee of The John V. Maher and C. Aline Maher Revocable Trust, who owned, managed, operated, and/or was otherwise responsible for the Property and where the A1 Collision Repair is located.

5. Defendant C. Aline Maher is believed to be a natural person who is a resident of California and a Trustee of The John V. Maher and C. Aline Maher Revocable Trust, who owned, managed, operated, and/or was otherwise responsible for the Property and where the A1 Collision Repair is located.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the A1 Collision Repair are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard

1 issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from the Property.

15. On January 26, 2024, Plaintiff personally visited A1 Collision Repair to get some paint damage on Plaintiff's vehicle looked at and possibly repaired.

16. Plaintiff was in the area because he lives nearby.

17. Upon arriving at A1 Collision Repair, Plaintiff found the purportedly designated disabled-access parking in an utter state of disrepair and nearly completely indiscernible.

18. At the Property, Plaintiff observed or was later informed of and believes in the existence of the following additional barriers:

   i. There is no accessible path of travel or no designated accessible path of travel from the sidewalk to the A1 Collision Repair.

   ii. There was no van accessible, designated disabled-access parking with the access aisle on the passenger side of the parking space.

   iii. The access aisle of purportedly designated disabled-access parking is not outlined in blue striping.

   iv. The purportedly designated disabled-access parking has no signage designating the parking spot as disabled access.

   v. The path of travel from the purportedly designated disabled-access parking space to the entry of the A1 Collision Repair has a vertical change in level that is not beveled and is greater than ¼ inch high.

19. Plaintiff would like to return to the Property and the A1 Collision Repair in the future as it is a convenient location for Plaintiff to address body damage on his vehicle.

20. The A1 Collision Repair and Property are public accommodations and business establishments.

21. The A1 Collision Repair and Property are open to the public and their operation affects commerce.

22. A1 Collision Repair and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

23. A1 Collision Repair and the Property are alleged to have applied for a permit or have started physical new construction and/or alterations, structural repairs, and/or additions after March 15, 2012.

24. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

25. Ensuring an accessible path of travel from public sidewalks to business entrances is paramount for enabling independence and ease of access for individuals with disabilities. The absence of a specifically designated accessible path of travel can present insurmountable barriers, essentially excluding those who rely on clear, navigable routes to enter and utilize services. Such oversight not only compromises the autonomy of individuals with mobility impairments but also signifies a disregard for their equal participation in public and commercial life.

26. Van-accessible parking spaces are a critical component of disability accommodation, providing the necessary width for vehicle lifts and adequate space for maneuvering. The lack of a van-accessible, designated disabled-access parking space with the access aisle on the passenger side severely limits the usability of parking facilities for individuals who drive or utilize specially adapted vans. This not only creates an inconvenience but also poses a significant challenge to the personal mobility and freedom of these individuals.

27. Clearly marked access aisles are a practical necessity for disabled-access parking. Without the delineation provided by blue striping, those who need these spaces may find them improperly used or obstructed, which can disrupt their access and potentially put them in unsafe situations as they attempt to navigate around obstacles. This may even deter a person from visiting the business because of the risk of the access aisle being blocked.

28. Proper signage indicating disabled-access parking is essential for maintaining the integrity of accommodations intended for individuals with disabilities. In its absence, such parking spots may be misused by the general public, thereby reducing the availability of needed space for those with legitimate needs and potentially violating their rights to accessible parking. This may even deter a disabled person from even attempting to visit the business because of the increased likelihood that an

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

accessible parking spot will not be available because it may be in use by a non-disabled person.

29. A path of travel with a vertical change in level greater than ¼ inch can pose a significant tripping hazard and accessibility barrier, particularly for individuals using mobility devices. The presence of such an obstacle on the route from the disabled-access parking space to the entrance of a business can make what should be a simple journey a daunting and unsafe task for customers with disabilities.

## **FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

30. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

31. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the A1 Collision Repair and the Property.

32. The A1 Collision Repair is a public accommodation.

33. The Property is a public accommodation.

### Failure to Remove Architectural Barriers at an Existing Property

34. Defendants failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

35. For those barriers where it is not reasonably achievable to remove them, if any, Defendants failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

36. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

37. Defendants violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff,

when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

38. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

39. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

40. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

41. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

42. It is readily achievable for Defendants to remove the architectural barriers.

### Failure to Maintain Accessible Features

43. Defendants violated the ADA by failing to maintain in operable and working condition those features of the A1 Collision Repair and Property that are required to be readily accessible to and be usable by persons with disabilities.

44. Defendants' failure in maintaining the A1 Collision Repair and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

45. The configuration and condition of the A1 Collision Repair and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

46. It is readily achievable for Defendant to remove the barriers.

47. Defendants do not have any legitimate business justification to excuse the condition and configuration of the A1 Collision Repair and Property.

48. Defendants' violations are the cause of suffering for Plaintiff.

49. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public

facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

50. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

51. The A1 Collision Repair and the Property are business establishments.

52. As described above, Defendants intentionally discriminated against Plaintiff during Plaintiff's visit to the A1 Collision Repair at the Property.

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

54. Defendants violated the ADA during Plaintiff's visit to A1 Collision Repair at the Property.

55. Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

56. Plaintiff was harmed.

57. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

58. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

59. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $22,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: February 21, 2024　　　　　　　　　　　Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff